IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ESTHER MORGAN,

      Plaintiff,

vs.                                  CASE NO.: 1:07-cv-44-SPM-AK

MERCK & CO., INC.; PFIZER INC.;
PHARMACIA CORPORATION,
a wholly-owned subsidiary of PFIZER INC.;
and PHARMACIA & UPJOHN COMPANY,
LLC, a wholly-owned subsidiary of
PHARMACIA CORPORATION,

      Defendants.
_____/

## DEFENDANTS PFIZER INC., PHARMACIA CORPORATION, AND PHARMACIA & UPJOHN COMPANY LLC'S ANSWER AND DEFENSES AND JURY DEMAND

      Defendants Pfizer Inc. (hereinafter "Pfizer"), Pharmacia Corporation (hereinafter "Pharmacia"), and Pharmacia & Upjohn Company LLC (incorrectly captioned as "Pharmacia & Upjohn Company, LLC") (collectively referred to herein as "the Answering Defendants") respond to the complaint as follows:

### Preliminary Statement

      The Complaint does not state exactly when Esther Morgan (hereinafter "plaintiff") was prescribed or used Bextra®, and, as such, this answer can only be drafted generally and without reference to a specific period in time. The Answering Defendants

-1-

reserve the right to amend this answer when discovery reveals the time period in which plaintiff was prescribed and used Bextra®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of plaintiff's Complaint.

## **GENERAL ALLEGATIONS**

1.    The Answering Defendants admit that plaintiff purports to bring this action and seeks damages in excess of $15,000, but deny that there is any legal or factual basis for the purported causes of action and/or damages sought by plaintiff as a result of Bextra® use.

2.    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 except that the Answering Defendants are informed and believe that the plaintiff is a resident of Alachua County, Florida.

3.    The Answering Defendants deny the allegations in paragraph 3.

4.    The allegations contained in paragraph 4 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 except that the Answering Defendants are informed and believe that Merck is a New Jersey Corporation with its principal place of business in New Jersey.

5.    The allegations contained in paragraph 5 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be

deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore deny the same.

6.    The Answering Defendants admit that Pfizer is a Delaware corporation and admit that its principal place of business is in New York, New York.

7.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material hereto," but admit that Pfizer is authorized to do business in Florida.

8.    The Answering Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.

9.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material hereto," but admit that Pharmacia is a wholly-owned subsidiary of Pfizer.

10.    The Answering Defendants admit that Pharmacia & Upjohn Company LLC is a limited liability company whose sole member is Pharmacia & Upjohn LLC, a limited liability company whose sole member is Pharmacia Corporation, which is a Delaware corporation with its principal place of business in New Jersey.  The Answering Defendants deny all remaining allegations in paragraph 10.

11.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material hereto."  Otherwise, the Answering Defendants admit that, in March 2000, Pharmacia & Upjohn merged with Monsanto Company to form Pharmacia Corporation, a Delaware corporation.

12.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material hereto."  Otherwise, the Answering Defendants admit that Pfizer is responsible for the obligations and liabilities of Pharmacia and Pharmacia & Upjohn, and that it is a successor in interest to Pharmacia.

13.     The allegations in paragraph 13 assert a legal conclusion and therefore no response is required.  To the extent a response is required, the Answering Defendants deny the allegations in paragraph 13.

14.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times material," but admit that during certain periods of time Pfizer has co-promoted and marketed Bextra® in Florida, and Pharmacia has marketed Bextra® at certain times in Florida.  The Answering Defendants deny all remaining allegations in paragraph 14.

15.     The allegations contained in paragraph 15 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the package insert approved by the FDA, Bextra® is a non-steroidal anti-inflammatory drug that exhibits anti-inflammatory, analgesic, and antipyretic properties in animal models.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining or inconsistent allegations in paragraph 15 and therefore deny the same.

16.    The allegations contained in paragraph 16 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the FDA-approved labeling for Bextra®, the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 ("COX-2"). The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore deny the same.

17.    The allegations contained in paragraph 17 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the FDA-approved labeling for Bextra®, the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 ("COX-2"). The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore deny the same.

18.    The allegations contained in paragraph 18 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the FDA-approved labeling for Bextra®, the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 ("COX-2"). The Answering Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 18 and therefore deny the same.

19.     The allegations contained in paragraph 19 are not directed toward the Answering Defendants and, therefore, no response is required.  To the extent that a response is required, the Answering Defendants admit that, as stated in the package insert approved by the FDA, Bextra® is a non-steroidal anti-inflammatory drug that exhibits anti-inflammatory, analgesic, and antipyretic properties in animal models.  In addition, the Answering Defendants admit that the mechanism of action for Bextra® is believed to be due to the inhibition of prostaglandin synthesis, primarily through inhibition of cyclooxygenase-2 or COX-2.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining or inconsistent allegations in paragraph 19 and therefore deny the same.

20.     The allegations contained in paragraph 20 are not directed toward the Answering Defendants and, therefore, no response is required.  To the extent that a response is required, the Answering Defendants deny the allegations in paragraph 20 and specifically deny that they ignored or recklessly disregarded any medical information.

### A.     Factual Background Relating to Defendant, MERCK & CO., INC. ("MERCK") and Vioxx

21-93.  The allegations contained in paragraphs 21-93 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21-93, and therefore deny the same.

**B.      Factual Background Relating to Bextra® Defendants**

94.      The Answering Defendants deny the allegations in paragraph 94.

95.      The Answering Defendants deny the allegations in paragraph 95, and specifically deny that Bextra® is defective.

96.      As stated in the package insert approved by the United States Food & Drug Administration ("FDA"), the Answering Defendants admit that Bextra® is a selective Cox-2 non-steroidal anti-inflammatory drug ("NSAID").  Except as admitted herein, the Answering Defendants deny the allegations in paragraph 96.

97.      The Answering Defendants admit, and as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Except as admitted herein, the Answering Defendants deny the allegations in paragraph 97.

98.      The allegations contained in paragraph 98 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the FDA-approved labeling for Bextra®, the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 ("COX-2").  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 and therefore deny the same.

99.    The allegations contained in paragraph 99 are not directed toward the Answering Defendants and, therefore, no response is required.  Should a response be deemed required, the Answering Defendants admit that, as stated in the FDA-approved labeling for Bextra®, the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 ("COX-2"). The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99 and therefore deny the same.

100.    The Answering Defendants admit that during certain periods of time Pfizer co-promoted and marketed Bextra® and Pharmacia marketed Bextra® at certain times, but lack knowledge of information sufficient to form a belief as to the meaning of the phrase "a portion of the extremely lucrative consumer market," and thus cannot form a belief as to the truth of the remaining allegations in paragraph 100.  The Answering Defendants deny the remaining allegations in paragraph 100.

101.    The Answering Defendants admit that Bextra® received FDA approval on November 16, 2001.  The Answering Defendants further admit, and as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrheal.  Defendant Pfizer admits that, at certain times, it has marketed and promoted Bextra® and marketed and co-promoted Celebrex®.  The Answering Defendants admit that Bextra®, Celebrex®, and Vioxx® are selective Cox-2

inhibitor NSAIDs.  Except as admitted herein, the Answering Defendants deny the allegations in paragraph 101.

102.    The Answering Defendants deny the allegations in paragraph 102.

103.    The Answering Defendants deny the allegations in paragraph 103.

104.    The Answering Defendants state that the studies referred to in paragraph 104 speak for themselves and any attempt to characterize them is denied.  The Answering Defendants deny the remaining allegations in paragraph 104.

105.    The Answering Defendants state that the studies referred to in paragraph 105 speak for themselves and any attempt to characterize them is denied.  The Answering Defendants deny the remaining allegations in paragraph 105.

106.    The Answering Defendants deny the allegations in paragraph 106.

107.    The Answering Defendants deny the allegations in paragraph 107.

108.    The Answering Defendants deny the allegations in paragraph 108.

109.    The Answering Defendants deny the allegations in paragraph 109.

110.    The Answering Defendants deny the allegations contained in paragraph 110.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

111.    The Answering Defendants deny the allegations contained in paragraph 111.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

112.    The Answering Defendants deny the allegations contained in paragraph 112. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

113.    The Answering Defendants deny the allegations in paragraph 113.

114.    The Answering Defendants deny the allegations in paragraph 114.

115.    The Answering Defendants deny the allegations in paragraph 115.

116.    The Answering Defendants deny the allegations in paragraph 116.

117.    The Answering Defendants deny the allegations in paragraph 117.

118.    The Answering Defendants deny the allegations in paragraph 118.

119.    The Answering Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and full text. Any attempt to characterize a study is denied. The Answering Defendants specifically state that the referenced studies involved Vioxx® and Celebrex®, not Bextra®. The Answering Defendants deny the remaining allegations contained in paragraph 119.

120.    The Answering Defendants deny the allegations in paragraph 120.

121.    The Answering Defendants deny the allegations in paragraph 121.

122.    The Answering Defendants state that the January 2005 letter from the FDA speaks for itself and any attempt to characterize it is denied. The Answering Defendants deny the remaining allegations in paragraph 122.

123.     The Answering Defendants admit that the sale of Bextra® was voluntarily suspended in the United States market as of April 7, 2005.  The Answering Defendants further state that any statements made by the FDA speak for themselves and any attempt to characterize them is denied.  Defendant denies the remaining allegations in paragraph 123.

124.     The Answering Defendants deny the allegations in paragraph 124.

125.     The Answering Defendants deny the allegations in paragraph 125.

126.     The Answering Defendants deny the allegations contained in paragraph 126.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

127.     The Answering Defendants deny the allegations contained in paragraph 127.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

128.     The Answering Defendants deny the allegations in paragraph 128.

129.     The Answering Defendants deny the allegations in paragraph 129.

130.    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's prescription, consumption, and/or ingestion of Bextra® and therefore deny the allegations in paragraph 130.

131.    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's prescription, consumption, and/or ingestion of Bextra® and therefore deny the allegations in paragraph 131.

132.    The Answering Defendants deny the allegations in paragraph 132.

133.    The Answering Defendants deny the allegations in paragraph 133, and specifically deny that Bextra® is defective.

## COUNT I

### STRICT LIABILITY (as to all Defendants)

With respect to the un-numbered introductory paragraph of Count I, the Answering Defendants hereby incorporate by reference their responses to paragraphs 1-133.

134.    The Answering Defendants deny the allegations directed toward them in paragraph 134, including subparts (a) through (f), and specifically deny that Bextra® was defective or unreasonably dangerous.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Bextra® was and is safe and

effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 134, including subparts (a) through (f).

135.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 concerning plaintiff's use of Bextra®, and therefore deny the same. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 135.

136.    Paragraph 136 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining allegations directed toward them in paragraph 136. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 136.

137.    The Answering Defendants deny the allegations directed toward them in paragraph 137. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 137.

138.    The Answering Defendants deny the allegations directed toward them in paragraph 138.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 138.

139.    Paragraph 139 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining allegations directed toward them in paragraph 139.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 139.

140.    The Answering Defendants deny the allegations in paragraph 140 and specifically deny that Bextra® had any defect.

141    The Answering Defendants deny the allegations directed toward them in paragraph 141 and specifically deny that Bextra® is defective.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 141.

The Answering Defendants deny the allegations set forth in the "Wherefore" paragraph and deny that the plaintiff is entitled to damages or costs.

## COUNT II

### NEGLIGENCE (as to all Defendants)

With respect to the un-numbered introductory paragraph of Count II, the Answering Defendants hereby incorporate by reference their responses to paragraphs 1-133.

142.     Paragraph 142 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining or inconsistent allegations directed toward them in paragraph 142. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 142.

143.     The Answering Defendants deny the allegations directed toward them in paragraph 143, including subparts (a) through (f). The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations

directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 143.

144.    The Answering Defendants deny the allegations directed toward them in paragraph 144. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 144.

145.    The Answering Defendants deny the allegations directed toward them in paragraph 145 and specifically deny any negligence. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 145.

The Answering Defendants deny the allegations set forth in the "Wherefore" paragraph and deny that the plaintiff is entitled to damages or costs.

## COUNT III

### NEGLIGENT MISREPRESENTATION (as to all Defendants)

With respect to the un-numbered introductory paragraph of Count III, the Answering Defendants hereby incorporate by reference their responses to paragraphs 1-133.

146.    The Answering Defendants deny the allegations directed toward them in paragraph 146 and specifically deny any "misrepresent[ations]."  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 146.

147.    The Answering Defendants deny the allegations directed toward them in paragraph 147 and specifically deny any misrepresentations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 147.

148.    The Answering Defendants deny the allegations directed toward them in paragraph 148 and specifically deny any "misrepresent[ations]."  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 148.

149.    The Answering Defendants deny the allegations directed toward them in paragraph 149 and specifically deny any "misrepresent[ations]."  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 149.

150.    The Answering Defendants deny the allegations directed toward them in paragraph 150 and specifically deny any misrepresentations.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 150.

151.    The Answering Defendants deny the allegations directed toward them in paragraph 151 and specifically deny any misrepresentations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 151.

152.    The Answering Defendants deny the allegations directed toward them in paragraph 152 and specifically deny any misrepresentations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 152.

153.    The Answering Defendants deny the allegations directed toward them in paragraph 153 and specifically deny any "misrepresent[ations]."  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants are not

required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 153.

154.    Paragraph 154 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining or inconsistent allegations directed toward them in paragraph 154. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 154.

155.    The Answering Defendants deny the allegations directed toward them in paragraph 155 and specifically deny any "misrepresent[ations]." The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 155.

156.    The Answering Defendants deny the allegations directed toward them in paragraph 156 and specifically deny any misrepresentations. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants are not required to

respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 156.

157.    The Answering Defendants deny the allegations directed toward them in paragraph 157 and specifically deny any misrepresentations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 157.

The Answering Defendants deny the allegations set forth in the "Wherefore" paragraph and deny that the plaintiff is entitled to damages or costs.

## COUNT IV

## FRAUD (as to all Defendants)

With respect to the un-numbered introductory paragraph of Count IV, the Answering Defendants hereby incorporate by reference their responses to paragraphs 1-133.

158.    The Answering Defendants deny the allegations directed toward them in paragraph 158 and specifically deny any "misrepresent[ations]" or that they concealed material information.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 158.

159.    The Answering Defendants deny the allegations directed toward them in paragraph 159 and specifically deny any misrepresentations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 159.

160.    The Answering Defendants deny the allegations directed toward them in paragraph 160 and specifically deny any false representations.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 160.

161.    The Answering Defendants deny the allegations directed toward them in paragraph 161 and specifically deny any misrepresentations or that they concealed information.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 161.

162.    The Answering Defendants deny the allegations directed toward them in paragraph 162 and specifically deny that they concealed material information.  The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants are not required to respond to the allegations directed toward any other defendant.  If a response is required, the Answering Defendants deny the allegations in paragraph 162.

163.    The Answering Defendants deny the allegations directed toward them in paragraph 163 and specifically deny any misrepresentations.  The Answering Defendants

state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 163.

164. The Answering Defendants deny the allegations directed toward them in paragraph 164 and specifically deny any misrepresentations or concealment. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 164.

165. The Answering Defendants deny the allegations directed toward them in paragraph 165 and specifically deny any misrepresentations or concealment. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 165.

166. The Answering Defendants deny the allegations directed toward them in paragraph 166 and specifically deny any misrepresentations. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants are not required to

respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 166.

167.    Paragraph 167 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining or inconsistent allegations directed toward them in paragraph 167. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 167.

168.    The Answering Defendants deny the allegations directed toward them in paragraph 168 and specifically deny any "misrepresent[ations]." The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 168.

169.    The Answering Defendants deny the allegations directed toward them in paragraph 169 and specifically deny any misrepresentations or concealment. The Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate

and comported with applicable standards of care and law. The Answering Defendants further state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 169.

170.    The Answering Defendants deny the allegations directed toward them in paragraph 170 and specifically deny any misrepresentations. The Answering Defendants are not required to respond to the allegations directed toward any other defendant. If a response is required, the Answering Defendants deny the allegations in paragraph 170.

The Answering Defendants deny the allegations set forth in the "Wherefore" paragraph and deny that the plaintiff is entitled to damages or costs.

## <u>Affirmative and other Defenses</u>

Discovery and investigation may reveal that any one or more of the following defenses should be available to the Answering Defendants in this matter. The Answering Defendants therefore assert the following defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, the Answering Defendants will withdraw any of these defenses as may be appropriate.

1.    Plaintiff's claims are barred, in whole or part, because Bextra® is comprehensively regulated by the United States Food and Drug Administration pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder. Accordingly, plaintiff's claims are barred by the doctrine of federal preemption.

2.      Plaintiff's injuries and damages, if any, were solely caused or contributed to by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom the Answering Defendants had no control or right to control and whose actions are not, therefore, imputable to the Answering Defendants.

3.      Plaintiff's injuries or damages, if any, were, in whole or part, the result of conduct of the plaintiff, independent third parties, or events and/or conditions that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent of, or far removed, from the Answering Defendants' conduct, and the Answering Defendants are not liable for them.

4.      Plaintiff's claims are barred because the utility of the drug Bextra® outweighed the risk of its use.

5.      Some or all of plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and laches.

6.      Plaintiff's claims are barred by the doctrines set forth in the Restatement (Second) of Torts § 402, Comments j and k and/or Restatement (Third) of Torts: Product Liability §§ 4 and/or 6.

7.      The Answering Defendants satisfied their duty to warn under the learned intermediary doctrine, and plaintiff's claims are therefore barred by the learned intermediary doctrine.

8.      Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or

bar plaintiff's recovery.  Thus, the Answering Defendants are entitled to have their liability to the plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Florida Statutes section 768.81.  To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of the Answering Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to the Answering Defendants will be identified in a timely manner consistent with <u>Nash v. Wells Fargo</u>, 678 So. 2d 1262 (Fla. 1996).

9.      Some or all of the plaintiff's claims are barred by the applicable statute of limitations and/or repose.

10.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11.      Plaintiff's claims relating to fraud and misrepresentations are barred and should be dismissed because they have not been pled with sufficient particularity to meet the requirements of the Florida Rules of Civil Procedure and Federal Rule of Civil Procedure 9(b).

12.      Plaintiff's claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state-of-the-art, at the time of manufacture per Florida Statutes section 768.1257.

13.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

14.     Plaintiff's claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

15.     Bextra® and the Answering Defendant's actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts:  Products Liability § 4.

16.     Plaintiff's damages, if any, are limited, in whole or part, by plaintiff's failure to mitigate or reasonably avoid his alleged damages.

17.     To the extent plaintiff claims breach of warranties, the Answering Defendants did not make to plaintiff or breach any express or implied warranties and did not breach any warranties created by law.  Plaintiff lacked the necessary privity with the Answering Defendants to maintain claims for breach of warranty, and failed to give timely notice to the Answering Defendants.  Therefore, plaintiff's claims for breach of warranties, if any, are barred, fail to state a claim, and should be dismissed with prejudice.

18.     The Answering Defendants were in compliance with legislative regulatory standards and/or administrative regulatory safety standards relating to warnings and/or instructions and design and/or performance and, therefore, Bextra® is deemed not defective.

19.     Plaintiff's injuries, if any, were due to an unforeseeable allergic, idiosyncratic or idiopathic reaction to Bextra®, or by an unforeseeable illness, unavoidable accident, or pre-existing and/or unrelated condition, without any negligence or culpable conduct by the Answering Defendants.

20.     Plaintiff's claims are barred by Sections 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.  Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with Bextra® would have prescribed and did prescribe Bextra® for classes of patients.  In addition, the Answering Defendants provided reasonable instructions or warnings to prescribing physicians.

21.     Plaintiff's claims are barred, in whole or part, because plaintiff, by electing to ingest Bextra®, assumed the risks disclosed on Bextra®'s FDA-approved label, and plaintiff waived and/or is estopped from asserting any claim related to such risks.

22.     Plaintiff's claims are barred, in whole or in part, because public policy favors the development and marketing of beneficial new drugs.

23.     Bextra® is not defective or unreasonably dangerous, and the Answering Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by plaintiff, the Answering Defendants had complied with

applicable regulations of the federal Food & Drug Administration, and are entitled to application of Florida Statutes section 768.1256.

24.     Plaintiff's claims should be diminished in whole or in part in the amount paid to plaintiff by any party or non-party with whom plaintiff has settled or may settle.

25.     To the extent plaintiff has received payment from collateral sources, the Answering Defendants are entitled to a set-off.

26.     The Answering Defendants aver that Bextra® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

27.     As a prescription pharmaceutical, Bextra® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration.  Accordingly, plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution.

28.     If plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than the Answering Defendants, and for whose conduct the Answering Defendants are not responsible, or with whom the Answering Defendants have no legal relation or legal duty to control.

29.     Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to plaintiff.

30.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate the Answering Defendant's rights under the United States Constitution.

31.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because plaintiff did not incur any ascertainable loss as a result of the Answering Defendant's conduct.

32.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Bextra® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

33.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

34.    Plaintiff's claims must be dismissed because plaintiff would have taken Bextra® even if the product labeling contained the information that plaintiff contends should have been provided.

35.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

36.    Plaintiff's claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

37.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of the Answering Defendants and over whom the Answering Defendants had no control and for whom the Answering Defendants may not be held accountable.

38.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

39.     Plaintiff is not entitled to interest, attorneys' fees, or costs, and any claims for such should be stricken from the Complaint.

40.     The Answering Defendants reserve the right to raise additional affirmative defenses as may be established by discovery and the evidence in this case.

## **Demand For A Jury Trial**

The Answering Defendants demand a jury trial on all claims so triable in the action.

WHEREFORE, The Answering Defendants respectfully request that this matter be dismissed with prejudice and that they be awarded their costs and any other relief to which they may be entitled.

s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar No. 328332
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601

Telephone:    (813) 223-7000
Facsimile:    (813) 229-4133
E-Mail:       egerecke@carltonfields.com

Attorneys for Pfizer Inc., Pharmacia
Corporation, and Pharmacia & Upjohn
Company LLC

## **CERTIFICATE OF SERVICE**

I CERTIFY that on March 23, 2007, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing

to Brenda S. Fulmer, C. Todd Alley, Donald Greiwe, Amy Prevatt and James D. Clark,

701 E. Washington Street, P.O. Box 3127, Tampa, Florida 33601, Patricia E. Lowry,

John B. T. Murray, Jr., and Dori K. Stibolt, 777 South Flagler Drive, West Palm Beach,

FL  33401.

s/ Edward W.Gerecke
Attorney